(No. 45103.—)

CHESTER HODGE, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Johns-Manville Products, Appellant.)

*Opinion filed November 30, 1972.*

KEEFE & DE PAULI, of East St. Louis, for appellant.

CALVO, MATEYKA & HILL, of Granite City, for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

An arbitrator for the Industrial Commission awarded the claimant, Chester Hodge, compensation for 10% permanent partial loss of the right hand. On review, the Commission set aside the award of the arbitrator on the ground that the claimant "presented no medical evidence and failed to prove that he suffered any disability." The circuit court of Madison County reversed the decision of the Commission and reinstated the award of the arbitrator. The respondent employer, Johns-Manville Products, has appealed.

The order of the circuit court stated: "The decision of the Commission on review sets aside the finding of the Arbitrator, solely for the following reason: 'That the Petitioner failed to present medical evidence to prove that he suffered any disability'. The manifest weight of the evidence, even though not supported by medical evidence, supports the decision of the Arbitrator. There is no requirement that the testimony of a doctor per se, is required to support the finding of a permanent disability. For this reason, the decision of the Commission is reversed, and the decision of the Arbitrator is reinstated."

It is obvious that the circuit judge misread the finding of the Industrial Commission which was based upon the failure of the claimant to prove that he suffered any disability, and not, as the judge stated, solely upon the ground that the claimant "failed to present medical evidence to prove that he suffered any disability."

The claimant's injury occurred on July 7, 1969, when he slipped on a wet spot on the floor and, to keep himself from falling, threw his right hand out and struck it on a steel post. He reported the accident, but went on working. On July 14 he was sent to Dr. Robert S. Hill, who gave him pain pills. The claimant did not remember whether or not his hand had been X-rayed at St. Elizabeth's Hospital. He testified that his hand got better and that approximately a month after the original accident it began to get numb. In September he went again to see Dr. Hill who, according to the claimant, said "it could have been arthritis and at the time he couldn't tell." The doctor told him to soak it in hot water.

In December the claimant was examined by Dr. Hawkins, who prescribed no treatment. The claimant was uncertain as to whether or not X rays had been taken at Dr. Hawkins' direction. He testified that he told Dr. Hawkins that his trouble really started in September, that he awoke one night and his arm had a feeling that it was asleep and there was weakness in his right hand. When the claimant was asked, "What problem do you have with your

wrist now?", he answered: "The only thing in damp weather it bothers me and I haven't got the strength I should have in it, I haven't got as much as in the left hand." The claimant is normally right handed. He testified that he was working on the same job that he had worked on prior to the accident, except as a reduction in work forces caused him to do a different type of job at some times.

After the claimant testified, the case was continued for three months so that the claimant might get a medical examination of his own. The arbitrator stated: "Let the record show that this case is partially tried and continued to June, 1970." No further evidence was offered by either party, and the record shows no further proceedings before the arbitrator. Nevertheless, on January 21, 1971, the arbitrator entered a finding of permanent partial disability in favor of the claimant.

On review before the Commission, the commissioner conducting the review examined the claimant's hand, but no additional evidence was offered. Thereafter the Commission entered the order which has been described.

We see no basis upon which it can be said that the decision of the Commission is against the manifest weight of the evidence, and the judgment of the circuit court of Madison County is reversed.

*Judgment reversed.*